**Federico F. MARTINEZ,
Petitioner-Appellant,**

v.

**Palemon CHAVEZ, Mora County Sheriff,
Respondent-Appellee.**

No. 77–1469.

United States Court of Appeals,
Tenth Circuit.

Submitted Nov. 13, 1977.
Decided April 26, 1978.

**1044**

Federico F. Martinez, pro se.

Toney Anaya, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, N. M., for respondent-appellee.

Before SETH, PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

Martinez is appealing dismissal of his civil rights action submitted to the district court pursuant to 42 U.S.C. § 1983. The action is related to events surrounding Martinez' incarceration in the Mora County, New Mexico, jail, and names as defendants a New Mexico state trial judge (Angel), two county prosecutors (Armijo and Vaughn), and the sheriff of Mora County (Chavez). Martinez sought both injunctive and monetary relief but, since he is no longer an inmate in the Mora County jail and makes no allegations regarding the likelihood of future confinement in the jail, we view only the monetary damages claim as viable.

Martinez' civil rights complaint included three separate counts, only two of which are relevant to this appeal. We first consider Martinez' contentions regarding an arrest which Martinez alleges was based on an unfounded escape charge. All four named defendants are alleged to be co-con-spirators in this count. The district court concluded that the trial judge and two prosecutors were immune and dismissed the action as to them. Martinez then sought reinstatement of the action as to the judge and two prosecutors as well as to amend his complaint as to them. The district court denied reinstatement as to the three and neither granted nor denied the proposed amendment. Martinez now contends that the district court erred in failing to grant his motion to amend his complaint and to grant his motion to vacate the judgment dismissing the action as to the judge and two prosecutors.

■ We see no error in the district court's action regarding defendants Angel, Armijo and Vaughn. We have reviewed both Martinez' original and proposed amended complaints and find no allegations of fact which would support a finding that any of the three acted outside the scope of their judicial or prosecutorial duties. Defendant Angel was accordingly cloaked with judicial immunity, see *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); and defendants Armijo and Vaughn with prosecutorial immunity, see, *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Atkins v. Lanning*, 556 F.2d 485 (10th Cir. 1977). Dismissal as to each was proper. Following further proceedings discussed below, the district court also dismissed on this count as to defendant Chavez, stating that Martinez' allegations regarding false charges of escape relate to the state court, not Chavez. The record supports this conclusion.

We view as far more substantial Martinez' allegations that he was subjected over a four month period of time to cruel and unusual punishment, in the form of suffocating conditions, as a result of Sheriff Chavez' inactions regarding ventilation of the Mora County jail. Only Chavez is named as a defendant in this count. Review of the procedure employed by the district court in disposing of this count is warranted.

The district court granted Martinez leave to proceed in forma pauperis pursuant to 28

U.S.C. § 1915(a) and service of process issued. Chavez answered, represented by the Attorney General for the State of New Mexico, arguing that Martinez' claims regarding ventilation of the jail fail to allege violation of a federal constitutional right; and, that Sheriff Chavez was not the responsible individual for overseeing proper ventilation of the jail. The district court ordered that the parties submit affidavits and counter-affidavits, including those of witnesses, and that "trial of the cause will be entirely upon the affidavits submitted in support of, and in opposition to, the complaint and Findings of Fact and Conclusions of Law and Judgment will be entered thereon."

Chavez submitted affidavits executed by himself and the County Planner for Mora County stating that: Martinez was a resident in the jail for approximately four months during which time he complained everyday about the ventilation system; the ventilation system was inspected at that time and found to be operating properly (even if inadequately); the Board of County Commissioners has ultimate responsibility for the jail, including the ventilation system; Martinez' complaints about the ventilation system were referred by the sheriff to the Board and the County Planner; the ventilation system has always worked and repair was never required; Martinez was never treated medically, while a resident in the jail, for a respiratory disease; and, Martinez was the sole complainant regarding the ventilation system.

Martinez responded, with affidavits executed by himself and another inmate, that: Martinez complained frequently and directly to Chavez regarding inadequate ventilation of the jail and his consequent respiratory complications; Chavez has direct responsibility for operation and maintenance of the jail; Chavez personally informed Martinez on numerous occasions that the ventilation system was out of order; Chavez, in Martinez' presence, informed the public defender and a law student that the system was out of order; Martinez was treated during the period in question for a respiratory disorder; numerous other inmates made the same complaint to Chavez regarding ventilation of the jail; and, medical records would show that Martinez was in fact suffering a respiratory disease as a result of incarceration in the Mora County jail.

■ Rather than conducting "trial by affidavit" as it initially proposed,[1] the district court implemented a procedure similar to that approved in our recently filed opinion, *Martinez et al, v. Aaron (Malley, Warden)*, 570 F.2d 317 (10th Cir. No. 77–1395, filed January 23, 1978). Based on the pleadings and foregoing affidavits, the district court found Martinez' action to be frivolous and dismissed pursuant to 28 U.S.C. § 1915(d).[2]

Whether or not a complaint states a cognizable legal claim,[3] the accuracy of facts alleged therein is always a point of contention. As recognized in *Martinez, supra*, the burden is on the United States district

---

1. We, of course, cannot condone "trial by affidavit" as initially proposed, if such "trial" were to resolve bona fide issues of fact. *See, Taylor v. Gibson*, 529 F.2d 709 (5th Cir. 1976).

2. The procedure approved in *Martinez, supra*, and ultimately employed by the district court in this case, involves initial grant of pauper status pursuant to § 1915(a), and subsequent dismissal pursuant to § 1915(d) after finding that the action is frivolous. In this circuit ". . . the test for frivolousness is whether the plaintiff can make a rational argument on the law or facts in support of his claim." *Bennett v. Passic*, 545 F.2d 1260 at 1261 (10th Cir. 1976).

3. The district court may have viewed Martinez' complaint as facially sufficient since, as stated, it ordered initially that its determinations regarding factual questions would be by affidavit and counter affidavit and that trial would be by affidavit. Given the increasing sophistication of today's civil rights litigants, we recognize that it is no great legal achievement to allege facts which state a claim under § 1983. Most often a district court is faced with a civil rights complaint which is deficient pursuant to Rule 8, F.R.Civ.P.; fails to allege facts which state a claim upon which relief can be granted; or both. In keeping with *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), pro se complaints are construed liberally and every opportunity is extended to the pro se litigant to make an adequate complaint.

courts to develop effective and legally permissible methods of dealing with the ever increasing numbers of prisoner civil rights actions. It was in order to aid in determining which facts alleged in the complaint were relevant, accurate, and subject to bona fide dispute, that we approved the procedure employed by the district court in *Martinez*.[4]

 Having reviewed the *Martinez* type procedure employed by the district court in this case, we find no impropriety in the procedure itself and turn now to application of that procedure to the specific facts at hand. The questions presented in this case were whether Martinez was in fact subjected to conditions sufficiently onerous that they violated the Eighth Amendment to the United States Constitution, and, if so, whether Sheriff Chavez may be held monetarily liable. Without question suffocating jail conditions may indeed offend "the evolving standards of decency that mark the progress of a maturing society" and thus constitute cruel and unusual punishment. *See, Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976); *Battle v. Anderson*, 564 F.2d 388 (10th Cir. 1977); *Gregory v. Wyse*, 512 F.2d 378 (10th Cir. 1975). The record developed by the district court is clearly not dispositive of questions regarding adequacy of the ventilation system and we express no opinion regarding the existence or non-existence of oppressive jail conditions. The record does, however, establish that, if this case were to proceed to trial, Martinez could prove no facts which would entitle him to the requested relief from Sheriff Chavez.

The *undisputed, crucial* facts of this case, as established by the pleadings and affidavits submitted by each of the parties, are these: Martinez did complain to Sheriff Chavez regarding ventilation of the jail; Chavez did report these complaints to both the County Board of Commissioners and the County Planner; the County Planner and Board have ultimate responsibility for maintenance of the jail; pursuant to these reports the ventilation system was investigated and found to be operating, even if inadequately. Based upon these undisputed facts, it is clear that Sheriff Chavez was not deliberately indifferent to Martinez' complaints. To the contrary, Sheriff Chavez reported Martinez' complaints to the appropriate authorities (the County Planner and the Board of County Commissioners). Even accepting all Martinez' allegations of fact as true, including those contained in his affidavits, it is clear that Martinez could not establish through proof at trial that he is entitled to recover from Chavez. Martinez could make no rational argument on the law or facts in support of his claim and the action was accordingly properly dismissed as frivolous under § 1915(d). The procedure employed by the district court in reaching its § 1915(d) frivolity finding was entirely proper under the circumstances of this case.

When this appeal was docketed the parties were notified that it was assigned to Calendar D and would be considered by a panel of judges, without oral argument, on the record of proceedings before the district court. Although each was afforded the opportunity to submit a memorandum in support of their respective positions, only Martinez has done so. Having reviewed this memorandum and the record of proceedings before the district court, we are convinced, for the reasons set forth above, that the district court's judgment of dismissal is correct and should be affirmed.

Affirmed.

---

4. That procedure involved an "investigation" to be conducted by prison authorities, the purpose being to make a record for the benefit of the trial court by which it could determine preliminary issues, including those of jurisdiction and frivolity pursuant to § 1915(d). Similar procedures approved by the Fifth Circuit have included use of both a "special report" to be prepared by the state attorney general, and "questionnaires" to be propounded by the district court itself. *See, Bruce v. Wade*, 537 F.2d 850, 853, n.5 (5th Cir. 1976); *Taylor v. Gibson*, *supra* at 717; *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975).