**Mashel ROBINSON, Appellant,**

v.

**Dr. F. W. BENTON, R. A. Crisp, G. Maynard, N. Hess, D. Forsyth, B. Chavis and C. C. Smith, Individually and in their official capacities, Appellees.**

**No. 77–1038.**

United States Court of Appeals, Tenth Circuit.

Argued May 12, 1978.

Decided July 13, 1978.

Leonard D. Munker, Federal Public Defender, Kansas City, Kan., District of Kansas, for appellant.

Ross N. Lillard, III, Asst. Atty. Gen., Oklahoma City, Okl. (Larry Derryberry, Atty. Gen., Oklahoma City, Okl., with him on the brief), for appellees.

Before SETH, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.

SETH, Chief Judge.

The appellant, Mashel Robinson, an Oklahoma state prisoner, commenced a pro se complaint in this civil rights action (42 U.S.C. § 1983) against the appellees, a physician and other officials at the state prison.

Appellant sought to proceed in forma pauperis, and his complaint was lodged with the clerk of the United States District Court for the Eastern District of Oklahoma. He alleged that a disciplinary proceeding brought against him at the prison contravened the minimal "due process standards" mandated in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935. The appellees filed a motion to dismiss for failure to state a cause of action under Fed.R. Civ.P. 12(b)(6). The appellant then filed a reply to the motion to dismiss and requested a more definite answer. This motion contained a restatement of the requirements of *Wolff v. McDonnell, supra,* and that the Oklahoma State Penitentiary failed to meet those requirements. Simultaneously, the appellant filed a motion for appointment of counsel which was denied.

In a motion to amend his complaint the appellant substituted party defendants, and requested affirmative equitable relief restraining the appellees from deducting statutorily earned "good time credits" pending a determination of the issues in the case. The trial judge, on an examination of the pleadings, ordered that the action be dismissed. The trial court further concluded that the appellant had failed to allege that any of the named defendants were specifically responsible for the acts resulting in the alleged deprivation. The plaintiff has taken this appeal from an order denying the motion to vacate the judgment.

The appellant raises two issues: (1) the district court erred in failing to require responsive pleadings; (2) the Oklahoma State Penitentiary did not comply with *Wolff v. McDonnell* in establishing disciplinary proceedings for that institution.

We hold that the trial court had insufficient facts then before it to order a dismissal of the action. It is necessary that a record be produced to enable the court to go forward.

In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir.), the court not only specifically approved, but found necessary the trial court's order to develop the record below in order to enable it to decide preliminary issues. The relevant portions of this order read as follows:

"(2) No answer or motions addressed to the complaint shall be filed until the measures set forth herein shall have been taken and completed.

"(3) Officials responsible for the operation of the New Mexico State Penitentiary are directed to undertake a review of the subject matter of the complaint:

"a. to ascertain the facts and circumstances;

"b. to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint; and

"c. to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be taken up and considered together.

"(4) In the conduct of the review, a written report shall be compiled and filed with the Court. Authorization is granted to interview all witnesses including the plaintiffs and appropriate officers of the New Mexico State Penitentiary. Wherever appropriate, medical or psychiatric examinations shall be made and included in the written report.

"(5) All reports made in the course of the review shall be attached to and filed with defendants' answers to the complaint."

Thus the state prison administration, or other responsible state authorities, at a level where the facts can be adequately developed, first examine and consider the incident, circumstances, and conditions which gave rise to the asserted cause of action and develop a "record" of sorts before the court is required to proceed.

In order to provide a factual basis for the trial court's preliminary determination some "record" must be so developed by the state authorities. *Martinez v. Aaron*, 570 F.2d 317 (10th Cir.). *See also Reed v. United States*, 438 F.2d 1154 (10th Cir.).

Judgment is reversed and the case is remanded for further proceedings in conformance with this opinion.