**Jessie W. COLLINS, Plaintiff-Appellant,**

v.

**D. B. HLADKY, Sheriff of Campbell County, et al., Defendant-Appellee.**

No. 79–1100.

United States Court of Appeals, Tenth Circuit.

Submitted July 13, 1979.

Decided Aug. 17, 1979.

Jessie W. Collins, pro se.

Jeremy Daniel Michaels, Gillette, Wyo., Campbell County Sheriff's Dept., for defendant-appellee.

Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.

PER CURIAM.

By this appeal, Jessie W. Collins seeks review of the district court's dismissal of his civil rights action brought pursuant to 42 U.S.C. § 1983. We reverse and remand for further proceedings. *See also,* decided this day, *Collins v. Cundy,* 603 F.2d 825 (10th Cir.).

Collins alleges that he was beaten while in the custody of appellee Hladky, the sheriff of Campbell County, Wyoming. Collins contends that the sheriff so assaulted him while another officer held a gun on him, and that two unknown deputy sheriffs also engaged in the attack at defendant Hladky's direction.

The district court directed that the parties file affidavits. Defendant filed an affidavit denying any such event had occurred; Collins filed a counteraffidavit elaborating on the alleged beatings.

The trial court thereafter without further proceedings entered findings of facts and conclusions of law, holding that the defendant did not beat or direct the beating of Collins. The complaint was then dismissed as frivolous and without merit.

On appeal to this court, it is urged that the trial court erred in resolving disputed factual issues by resort to affidavits. We agree.

This case is not an instance where from the affidavits, pleadings and motions, the "*undisputed, crucial facts*" permit a determination that the case is frivolous. *Martinez v. Chavez,* 574 F.2d 1043, 1046 (10th Cir. 1978). The crucial *fact* is whether the sheriff beat or directed the beating of Collins. This fact cannot be determined solely from conflicting affidavits or in a summary judgment type proceeding. *Martinez v. Chavez,* 574 F.2d at 1043, 1045 n.1 (10th Cir. 1978); *Taylor v. Gibson,* 529 F.2d 709 (5th Cir. 1976). At the very least, some further development of the record is necessary. *Robinson v. Benton,* 579 F.2d 70, 71 (10th Cir. 1978); *Bethea v. Crouse,* 417 F.2d 504 (10th Cir. 1969).

In *Martinez v. Chavez, supra,* the "*undisputed, crucial facts*" were clearly based on careful consideration of all the pleadings filed. We held that under the circumstances of that case, Martinez could make no rational argument on the law or facts in support of his claim. Accordingly, dismissal under § 1915(d) was proper. *Martinez v. Chavez,* 574 F.2d at 1046.

■ In the case at bar, however, Collins may possibly be able to establish facts which would entitle him to relief. A claim of assault on a prisoner by his custodian is cognizable under § 1983. *Dearman v. Woodson,* 429 F.2d 1288 (10th Cir. 1970); *Bethea v. Crouse, supra.*

This circuit has long held that when a prisoner files a motion for leave to proceed and the poverty affidavit is facially sufficient, the complaint should be filed. *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972), *cert. denied sub nom. Long v. Carlson,* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973); *Ragan v. Cox,* 305 F.2d 58 (10th Cir. 1962), *cert. denied,* 375 U.S. 981, 84 S.Ct. 495, 11 L.Ed.2d 426 (1963). Thereafter, if the court finds the action is frivolous or obviously without merit, it may dismiss the case, preferably with a statement of reasons for the action taken. This is the testing under § 1915(d). Substantial compliance with this procedure is generally acceptable. *Bennett v. Passic,* 545 F.2d 1260 (10th Cir. 1976); *Redford v. Smith,* 543 F.2d 726 (10th Cir. 1976); *Harbolt v. Alldredge,*

464 F.2d 1243 (10th Cir.), *cert. denied,* 409 U.S. 1025, 93 S.Ct. 473, 34 L.Ed.2d 319 (1972); *Oughton v. United States,* 310 F.2d 803 (10th Cir. 1962), *cert. denied,* 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963). Service on the defendant is not always necessary. *Smart v. Villar,* 547 F.2d 112 (10th Cir. 1976).

■ The test for determining if an action is frivolous or without merit is "whether plaintiff can make a rational argument on the law or facts in support of his claim." *Bennett v. Passic, supra; Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978); *Harbolt v. Alldredge, supra; Durham v. United States,* 400 F.2d 879 (10th Cir. 1968). This test must be followed. The first step of the test under § 1915(d) was fully considered by this court en banc in *Martinez v. Aaron, supra,* and was adopted for application in this circuit.

It is apparent from the record that the basic fact—the occurrence of the beating—cannot be determined by totally conflicting affidavits. This is all that appears in the record. The "trial" *cannot be solely on affidavits.* We are unable to determine from the record whether the case was decided on the merits or whether it was dismissed under § 1915(d). The judgment must be reversed and remanded.