**Robert Lee DOLENCE,
Plaintiff-Appellant,**

v.

**Dennis FLYNN, Sheriff of Laramie County and Jerry Enos, Individually and in their Official Capacities, Defendants-Appellees.**

No. 79–1649.

United States Court of Appeals,
Tenth Circuit.

Submitted April 30, 1980.

Decided Aug. 26, 1980.

Gerald M. Gallivan, Wyoming Legal Services, Laramie, Wyo., for plaintiff-appellant.

Stephen G. Oxley of Hirst & Applegate, Cheyenne, Wyo., for defendants-appellees.

Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This appeal is from a judgment dismissing appellant's civil rights action as frivolous under 28 U.S.C. § 1915(d).

In his complaint, Robert Lee Dolence sought money damages for injuries he sustained while in the Laramie County, Wyoming, jail and for injuries caused by interference with subsequent medical treatment at Cheyenne Memorial Hospital in Cheyenne, Wyoming. He also sought a declaratory judgment that the actions of the named defendants violated his civil rights. Flynn is the Sheriff of Laramie County and defendant Enos is a jailer at the Laramie County jail; both were sued individually and in their official capacities.

Dolence contends that in November of 1976 while he was a prisoner at the jail, he was taken from his cell for questioning about an escape attempt. Dolence further claims that in the process he was pushed or kicked down a flight of stairs by defendant Enos. After regaining his footing, Dolence contends that he was struck on the head with a flashlight.

Following questioning, Dolence was transported to Cheyenne Memorial Hospital, where medical personnel recommended his admission for observation and treatment. Dolence claims he was handcuffed to the hospital bed, making his care and treatment difficult. At one point, Dolence's guard drew a gun on the treating physician.

Hospital doctors then recommended that Dolence be transferred to a security medical facility in Denver for further treatment. The next day, however, Dolence was discharged against the medical advice of the treating physicians and immediately transported to the state penitentiary at Rawlins. Dolence contends he has suffered and continues to suffer from headaches, worsening vision and mental anguish.

The complaint included a demand for a jury trial. The district court ordered that trial would be by affidavits. Counsel for Dolence filed a memorandum in opposition to the proposed procedure, but complied by filing several affidavits and hospital medical reports.

Defendants filed an answer and affidavits, generally denying any violation of Dolence's constitutional rights. Defendant Enos denied pushing or kicking Dolence down the stairs, admitted hitting Dolence with the flashlight, but averred that Dolence was attempting to escape at the time. Defendants generally denied interfering with Dolence's medical treatment. Defendant Flynn denies all liability on the grounds that he is not accountable under the doctrine of *respondeat superior* in a 42 U.S.C. § 1983 action.

A hearing was held, at which time counsel for Dolence again objected to the trial-by-affidavit procedure on the ground that the pleadings raised genuine issues of fact. A continuing objection was also made to the denial of a jury trial. Ten affidavits were then read into the trial transcript, along with arguments by counsel. After taking the matter under advisement, the trial court entered findings of fact and conclusions of law dismissing the action.

Two issues control the disposition of this appeal:

1. Did the trial court err in directing a trial by affidavit in this case?

2. Was defendant entitled to a jury trial?

Because both questions are answered affirmatively, we must vacate the district court's judgment and remand for further proceedings.

■ While affidavits may be useful in determining the *existence* of factual disputes, where crucial issues remain, it is procedurally impermissible to resolve the disputes in this manner. Trial *cannot be solely on affidavits. Collins v. Hladky*, 603 F.2d 824, 825 (10th Cir. 1979).

■ The test for determining if an action is frivolous is whether plaintiff can make a rational argument on the facts or law in support of his claim, and this test must be followed. *Collins v. Hladky*, 603 F.2d at 825.

■ Among the factual issues unresolved by resort to the pleadings and affidavits are whether Dolence was pushed down a flight of stairs and whether he was in fact trying to escape when defendant Enos struck him

with the flashlight. The claimed interference with medical treatment and alleged resulting injuries are also unanswered by resort to affidavits alone.

■ Dolence also claims it was error to deny him a jury trial. We agree.

The Federal Rules provide that the right of a trial by jury under the seventh amendment or by statute shall be preserved to the parties inviolate. Fed.R.Civ.P. 39(a). *See Christenson v. Diversified Builders Incorporated*, 331 F.2d 992, 994 (10th Cir.), *cert. denied*, 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48 (1964). Any party may demand a trial by jury of any issue triable of right by a jury, by serving a timely demand therefor. Fed.R.Civ.P. 39(b).

We find nothing in the statutory provisions of 42 U.S.C. § 1983 precluding jury trials. Indeed, trials by juries in such actions are common and of long standing in this circuit. *Marland v. Heyse*, 315 F.2d 312 (10th Cir. 1963); *Morgan v. Labiak*, 368 F.2d 338 (10th Cir. 1966); *Clappier v. Flynn*, 605 F.2d 519 (10th Cir. 1979).

The applicable test for the right to a trial by jury is whether the issues to be tried are legal or equitable in nature. *See Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). In addition,

> [t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.

*Curtis v. Loether*, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974); *see also, Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978).

We agree that 42 U.S.C. § 1983 meets these prerequisites, thereby entitling appellant to a jury trial. *Amburgey v. Cassady*, 507 F.2d 728, 730 (6th Cir. 1974). Other circuits have also upheld the right to trial by jury in § 1983 actions. *Burt v. Abel*, 585 F.2d 613, 616 n. 7 (4th Cir. 1978); *Drone v. Nutto*, 565 F.2d 543 (8th Cir. 1977); *Carter v. Estelle*, 519 F.2d 1136 (5th Cir. 1975); *Chapman v. Kleindienst*, 507 F.2d 1246 (7th Cir. 1974). The case at bar is clearly a garden variety tort action based on the common law of assault and battery.

We are not unsympathetic to the district court's concern that all prisoner-originated § 1983 actions might contain demands for trial by jury. The answer, however, cannot be found in the denial of the right to a jury trial *only to prisoners*. Few causes of action survive the initial screening of claims such that a trial is required. In short, there are other approved methods for managing the plethora of prisoner litigation filed in federal courts. *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979); *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

To summarize, a trial by affidavits is procedurally impermissible where crucial disputed issues of fact exist. *Collins v. Hladky, supra*. And, when issues presented are sufficiently substantial to warrant a trial, there is a right to such trial by a jury in actions filed under 42 U.S.C. § 1983.

Because of our resolution of the above issues, we need not address the question of defendant Flynn's liability, if any. *See Clappier v. Flynn, supra*. Nor do we express any opinion as to the merits of Dolence's claims.

Appellees' motion to affirm, treated as a memorandum brief in support of their position, is denied. The judgment of the district court is vacated and the cause remanded for further proceedings consistent with this opinion. The mandate shall issue forthwith.