

**Decided April 11, 1985**

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

LAWRENCE FLEMING,                    )     CIVIL ACTION NO. 84-0006
                                     )
          Plaintiff,                 )
                                     )
          vs.                        )     DECISION GRANTING MOTION
                                     )     TO STRIKE JURY TRIAL
DEPARTMENT OF PUBLIC SAFETY,         )
and COMMONWEALTH OF THE              )
NORTHERN MARIANA ISLANDS,            )
                                     )
          Defendants.                )
                                     )

This matter came for hearing on Thursday, April 11, 1985 on defendants' motion to strike jury demand. For the reasons stated herein, the Court grants the motion.

Plaintiff Lawrence Fleming applied for a position with defendant Department of Public Safety (DPS). After participation in an interview and completion of other requirements, Fleming was found to be academically and physically qualified for the position of Police Officer I. Fleming alleges that despite his qualifications, he was denied the desired position due to the slanderous and defamatory statements of certain officials of DPS falsely accusing Fleming of participation in the illegal drug trade. On April 24, 1984, Fleming filed this action against DPS and the Commonwealth of the Northern Mariana Islands (Commonwealth) pursuant to 42 U.S.C. § 1983 and § 1984 for

AO 72
(Rev.8/82)

violation of his guarantees of due process and equal protection. In his prayer Fleming asks:

> 1. That he receive damages for loss of income and job benefits in an amount such as may be proved at trial;
>
> 2. That he receive damages in the sum of $100,000 for pain, suffering and humiliation and loss of reputation arising out of false and defamatory statements uttered by defendant's agents and employees;
>
> 3. That the defendant be subject to mandatory injunction compelling the hiring of plaintiff[.]

Fleming filed on the same day a Demand for Jury Trial.

The Commonwealth now challenges Fleming's jury demand on two grounds. First, the government relies on 7 CMC § 3101(b) which provides:

> [T]here shall be no right to trial by jury in actions against the Commonwealth... .

Second, the government sets forth Section 501(a) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America. 48 U.S.C. 1681 note (1976). This section provides in relevant part:

> (a) To the extent that they are not applicable of their own force, the following provisions of the Constitution of the United States will be applicable within the Northern Mariana Islands as if the Northern Mariana Islands were one of the several States:...

> Amendments 1 through 9, inclusive; ... Amendment 14, Section 1... provided, however, that neither trial by jury nor indictment by grand jury shall be required in any civil action or criminal prosecution based on local law, except where required by local law.

The Commonwealth argues that § 1983's requirement that the challenged conduct be "under color of any statute, ordinance, regulation, custom or usage of any State or Territory" necessarily renders an action pursuant to § 1983 one "based on local law" triggering the proviso of § 501(a) of the Covenant. Accordingly, the government argues, Fleming has no right to a jury trial in this matter.

The Seventh Amendment to the United States Constitution provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.

In determining whether a suit is at common law or in equity, the court must make a historical inquiry to determine if the issue in controversy would have been heard at common law in 1791, the year of the adoption of the Seventh Amendment. 9 C. Wright and A. Miller, Federal Practice and Procedure § 2302 at p.14. Obvious questions arose regarding the applicability of the Seventh Amendment to claims based on statutory rights. In Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974),

136

the Supreme Court laid these questions to rest and found either party entitled to a jury trial in an action brought to enforce a statutory right:

> Whatever doubt may have existed should now be dispelled. The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.

39 L.Ed.2d at 266.

Although the Supreme Court has not explicitly held that parties to actions under § 1983 are entitled to a jury trial, there is no apparent reason why the holding of Curtis would not extend to legal issues raised under § 1983. See S. Nahmad, Civil Rights and Civil Liberties Litigation § 1.16 (1979)(that both parties in a § 1983 damage action have a right to jury trial "is clear by analogy from the Court's decision in Curtis v. Loether."); C. Antieau, Federal Civil Rights Acts, § 238 (1980) ("Where money damages are sought in § 1983 actions, both plaintiffs and defendants are entitled to jury trials in federal courts.") Although the Court is not aware of a case where the Ninth Circuit has addressed this issue, the Ninth Circuit has extended the right to jury trial to legal issues raised under § 1981, Williams v. Owens-Illinois, Inc., 665 F.2d 918, 928 (9th Cir. 1982); no apparent difference would distinguish § 1983. Moreover, every circuit court which has addressed the issue has found the right to jury trial preserved as to the legal remedies

AO 72
(Rev.8/82)

available under § 1983 and/or § 1981. See, e.g., Walthon v. Eaton Corp., 563 F.2d 66, 84 (2nd Cir. 1977); Laskaris v. Thornburgh, 733 F.2d 260, 263 (3rd Cir. 1984); Patzig v. O'Neil, 577 F.2d 841 (3rd Cir. 1978); Burt v. Abel, 585 F.2d 613, 616 n.7 (4th Cir. 1978); Carter v. Estelle, 519 F.2d 1136 (5th Cir. 1975); Amburgey v. Cassady, 507 F.2d 728, 730 (6th Cir. 1974); Aldebrand v. Board of Trustees of Michigan State University, 607 F.2d 453, 458 (7th Cir. 1980); Setser v. Novak Inv. Co., 638 F.2d 1137 (8th Cir. 1981); Dolence v. Flynn, 628 F.2d 1280 (10th Cir. 1980). In a § 1983 action then, this Court concludes that any party is entitled to a jury trial of the legal issues raised therein.

The Commonwealth's arguments to the contrary are unconvincing. Of course, the statutory bar to jury trials in actions against the government, 7 CMC 3101(b), is of no force as the Seventh Amendment applied through the Fourteenth Amendment is supreme under Section 102 of the Covenant.[1] That the statute is founded on governmental or sovereign immunity is of no assistance as sovereign immunity is not a doctrine of federal constitutional dimension and acts as no bar to claims under federal civil

---

[1] Section 102 reads:

The relations between the Northern Mariana Islands and the United States will be governed by this Covenant which, together with those provisions of the Constitution, treaties and laws of the United States applicable to the Northern Mariana Islands, will be the supreme law of the Northern Mariana Islands.

138

rights statutes. Civil Actions Against State Governments § 2-29 (Shepard's/McGraw-Hill, 1983).

The Commonwealth's efforts to trigger the proviso of Section 501 of the Covenant also fails. That proviso, as noted above, limits the right to a jury trial to that "where required by law" in any civil action "based on local law." The Commonwealth argues that a § 1983 action is "based on local law" in that it requires the challenged action to be under color of state law. The government's attempt to bootstrap itself into the proviso is summarily rejected. The 'color of law' language of § 1983 merely requires state action as a condition precedent to a § 1983 claim; the rights at issue are federal, not local. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). See, also, S. Nahmad, supra, at §§ 2.01, 2.04.

While Fleming is entitled to a jury trial of the legal issues under § 1983 raised in his complaint, the Court concludes that his federal civil rights action raises only equitable claims which do not mandate a jury upon demand. Fleming seeks an injunction directing DPS to hire him and as damages he seeks recovery of "loss of income and job benefits." The Ninth Circuit in Williams v. Owens-Illinois, supra, squarely rejected a demand for jury trial in similar circumstances:

> Thus, the only requested remedy other than injunctive relief which was before the court was back pay. That relief, however, was properly viewed as either equitable

AO 72
(Rev.8/82)

139

> or as a legal remedy incidental to an equitable cause of action and accordingly not sufficient to create a right to jury trial.

665 F.2d at 929. Fleming does seek damages for "pain, suffering and humiliation and loss of reputation arising out of false and defamatory statements uttered by defendant's agents and employees." These damages arise not from the deprivation of federally secured rights, however, but from the alleged defamation. Accordingly, the legal issues regarding the requested damages arise under local law and are subject to the proviso and the statutory prohibition against jury trials in such cases. Since Fleming seeks no _legal_ remedy for the deprivation of his federal constitutional rights, he is not entitled to a jury trial under the reasoning of _Williams_.

In conclusion, while parties are entitled to a jury trial of legal issues raised in a § 1983 complaint, Fleming raises only equitable issues in the federal component of this action disallowing him his jury demand. Fleming's request for damages for defamation arises under local law which prohibits a jury trial.

The Commonwealth's motion to strike jury demand is GRANTED.

DATED this _____ day of April, 1985.

_____
JUDGE ALFRED LAURETA