931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Tommy Carl MOORE, Plaintiff-Appellant,
v.
J.W. TRAPP, Sheriff of Choctaw County, Oklahoma, Choctaw
County Commissioners, Defendants-Appellees.
 No. 90-7077.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Moore appeals, pro se, from the order of the district court granting in part and denying in part Defendants' (J.W. Trapp, Sheriff of Choctaw County and the Board of County Commissioners of Choctaw County, Oklahoma) Motion to Dismiss. We affirm.
 
 
 3
 Mr. Moore was at one time an inmate in the Choctaw County, Oklahoma Jail. Some time after his transfer from this facility, Mr. Moore filed a pro se complaint against the Choctaw County Sheriff and Board of County Commissioners grounded upon 42 U.S.C. Sec. 1983. This complaint alleged, in conclusory terms, numerous constitutional wrongs. Included among Mr. Moore's allegations were the following: "overcrowding"; "plumbing problems"; "no physical exercise"; "no lights"; "no personal sanitation"; "Legal and Religious material was also taken away"; "fire hazard problem"; "inadequate diet"; "censortship of mail"; "prisoners racially segregated" and "plaintiff could not contact the Courts." There were other similar allegations made by Mr. Moore of further constitutional wrongs. As stated in his brief to this court, the "conditions of confinement [at Choctaw County Jail] was Horable [sic]." Mr. Moore also claimed he had filed no other law suits involving the same facts.
 
 
 4
 Mr. Moore requested the following forms of relief: punitive damages; and injunctive relief in the form of "the Choctaw County Jail be[ing] closed down for new construction."
 
 
 5
 Defendants responded by way of denial with the exception of several admissions including: that "there are no fire exists at the rear of the cell blocks"; "that the Choctaw County Jail was built in the 1960's with no fire exits"; that "prisoners have a constitutional right to access to the Courts"; "that mail was censored for security reasons"; "that plaintiff's legal material was taken away during his solitary confinement ..."; and "that J.W. Trapp did let some inmates of the 'black race' choose their cellmates...." Defendants then filed a motion to dismiss.
 
 
 6
 The district court ordered a Martinez report.[1] After receipt of the Martinez report the district court addressed Defendant's Motion to Dismiss. As to the assertion of Mr. Moore that he had not filed any other law suit involving the same set of facts, the district court found this was false noting Mr. Moore had sued defendant, Trapp, for the same conditions of confinement in case No. 89-123-C which was subsequently dismissed by Mr. Moore. As to the allegations made by Mr. Moore concerning fire exits and fire safety, the district court ordered "the defendants ... comply with the State Health Department's standards concerning fire safety and adequate fire exists." The district court found the Plaintiff's allegations, with the exception of those relating to fire safety, "d[id] not state a claim for any constitutional deprivation, and [we]re therefore frivolous. The district court granted Defendants' Motion to Dismiss on the remaining grounds.
 
 
 7
 We wish to specifically note the district court, while addressing Mr. Moore's filing of an earlier suit, stated: "... this court finds little, if any, credibility in plaintiff's allegations." The district court was referring to Mr. Moore's assertion concerning the non-filing of a similar suit. We need not remind the district court that in treating a motion to dismiss, all properly pleaded allegations must be taken as true. We can understand the feelings of the district court when it is established that a pleading is false, but this does not alter the application of the rules testing pleadings. Any error of the district court in this regard, however, is harmless as Mr. Moore has admitted filing a prior suit against the sheriff raising the same or similar issues concerning his confinement in the Choctaw County Jail.
 
 
 8
 Mr. Moore appeals the district court's decision pro se. He responds to the judgment of the district court stating: (1) that he did not realize the sheriff had mailed his earlier suit at the time he filed the present complaint; (2) that he admits his allegations were conclusions but alleges this practice of pleading is acceptable as his allegations were truthful; (3) that the district court did not individually address all of his complaints; and (4) that the district court did not allow his suit to go far enough "to allow the true facts to surface." The balance of his brief contains a reiteration of the wrongs he suffered while an inmate in the Choctaw County Jail. We are not persuaded by these arguments.
 
 
 9
 Persons untrained in the law are entitled to have their pleadings liberally construed. This rule, however, does not allow us to speculate as to the underlying facts nor are we allowed to create a cause of action in such cases. Courts have promulgated a rule requiring civil rights suits be backed by facts stated in the complaint. For example, the term "plumbing problems" as used in Mr. Moore's complaint may or may not constitute a constitutional wrong. Either a faucet which drips occasionally or a toilet which cannot be flushed would constitute a "plumbing problem." The legal ramifications of each set of facts could be vastly different. Before a trial court is entitled to start the wheels of justice turning in a case such as this, the plaintiff must do more than claim a foul. He must state with sufficient particularity what the foul involved, who was involved, and when and where it took place. It is not sufficient to use legal jargon and bald conclusions. Mr. Moore failed to back up his conclusions with facts.
 
 
 10
 It may well be the Choctaw County Jail does not conform to all applicable standards. Mr. Moore may have suffered wrongs while confined. However, Mr. Moore is not entitled to an opportunity to prove these wrongs until he has specifically identified these wrongs by setting forth in his complaint what actually happened, including the details. Mr. Moore has failed to do this, and will therefore not be entitled to go into court to prove his case.
 
 
 11
 Mr. Moore has raised numerous other issues in his brief to us. Most of these matters were not raised in the district court and we cannot now decide those. The balance of the issues raised by Mr. Moore do not merit discussion.
 
 
 12
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 See Martinez v. Chavez, 574 F.2d 1043 (10th Cir.1978). This report was not included in the record on appeal