60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sidney FINNELS, Plaintiff-Appellant,
v.
Larry FIELDS and Leroy Young, Defendants-Appellees.
 No. 94-7155.
 United States Court of Appeals, Tenth Circuit.
 June 16, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Finnels is an inmate of the John Lilley Correctional Center at Boley, Oklahoma. He instituted this action pursuant to 42 U.S.C. Sec. 1983 seeking declaratory and injunctive relief and nominal damages for claimed deprivations of his civil rights. Specifically, Mr. Finnels alleges that defendants have deprived him of his constitutional rights under the Fifth and Fourteenth Amendments by failing to remove allegedly false information from his personnel file maintained by the institution.
 
 
 3
 The district court granted the defendants' motion to dismiss. For substantially the same reasons as those relied on by the district court, we AFFIRM. A copy of the district court's Order of September 29, 1994, is attached hereto.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR THE
 EASTERN DISTRICT OF OKLAHOMA
 Sidney Finnels, Plaintiff
 
 4
 v.
 
 LARRY FIELD, et al., Defendants
 No. CIV-93-432-S
 ORDER
 
 5
 SEAY, District Judge.
 
 
 6
 This action is before the court on defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint, defendants' motion, plaintiff's response to the motion, and a Special Report prepared by the Department of Corrections at the direction of the court, in accordance with Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978), Martinez v. Chavez, 574 F.2d 1043 (10th Cir.1978), and Robinson v. Benton, 579 F.2d 70 (10th Cir.1978).
 
 
 7
 Plaintiff is an inmate of the John Lilley Correctional Center at Boley, Oklahoma. He instituted this action pursuant to 42 U.S.C. Sec. 1983 seeking declaratory and injunctive relief and nominal damages for claimed deprivations of his civil rights. Specifically, the plaintiff alleges that defendants have deprived him of his constitutional rights under the Fifth and Fourteenth Amendments by failing to remove allegedly false information from his personnel file maintained by the institution.
 
 
 8
 The Special Report prepared by the Department of Corrections and filed herein shows:
 
 
 9
 Pursuant to a request to review his file, plaintiff made a request to remove a document or certain words in a document in his file. Some information was removed from his file, but plaintiff contends there is other false information in his file which he has not identified to institution officials. An institutional review of plaintiff's file found no documentation that was inappropriate or should not be in his file. (Attachments A-H).
 
 
 10
 Prison authorities have broad administrative and discretionary authority in managing their institutions. Hewitt v. Helms, 459 U.S. 460, 467 (1983). The court finds that, although an inmate is entitled to a limited review of his file, he does not have a constitutional due process right to determine what will and what will not be included in his file, particularly in the absence of any specific identification of the inclusion and a failure to show any resulting injury to the inmate. The court finds that plaintiff's allegations are vague and conclusory and that they do rise to the level of a constitutional deprivation, and they lack an arguable basis either in law or fact. This court authorized the commencement of this action in forma pauperis under the authority of 28 U.S.C. Sec. 1915. Subsection (d) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. Nietzke v. Williams, 109 S.Ct. 1827 (1989); Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987).
 
 
 11
 Accordingly, the defendants' motion to dismiss is granted.
 
 
 12
 IT IS SO ORDERED this 29th day of September, 1994.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470