F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARCUS P. DUNLAP,

     Plaintiff-Appellant,

v.

STEVE HARGETT; MICHAEL
DAVID; CAPTAIN CROSS; CARL B,
medical assistant; KARL
GHELARDUCCI,

     Defendants-Appellees.

No. 99-6114
(D.C. No. 98-CV-184)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Marcus P. Dunlap appeals from an order of the district court granting defendants' motion for summary judgment in this case brought pursuant to 42 U.S.C. § 1983. We affirm.

Dunlap brought this action pro se, [1] contending that defendants violated his First and Fourth Amendment rights by subjecting him to a body cavity search for contraband. A magistrate judge issued findings and a recommendation. Dunlap filed objections to the magistrate judge's report; the district court reviewed these objections, and granted summary judgment for defendants.

On appeal, Dunlap argues that defendants' evidence did not conform to the requirements of Fed. R. Civ. P. 56 and that the district court erred when it concluded no reasonable person could find for plaintiff. Dunlap contends that incident reports cannot be considered on summary judgment motions because they contain hearsay and would not be admissible at trial. He also asserts that one affidavit is invalid because it is not based on personal knowledge.

"We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants." <u>Hulsey v. Kmart, Inc.</u>, 43 F.3d 555, 557 (10th Cir. 1994). The moving party must show there is no

---

[1] Dunlap later retained counsel, who also represents him on appeal.

-2-

genuine issue as to any material fact and it is entitled to judgment as a matter of law.  See id.  The nonmovant must "go beyond the pleadings" and submit materials which designate "'specific facts showing that there is a genuine issue for trial.'"  Celotex Corp. v. Catrett  , 477 U.S. 317, 324 (1986) (quoting  Fed. R. Civ. P. 56(e)).  If the nonmovant "does not so respond, summary judgment, if appropriate, shall be entered against" the nonmovant.  Rule 56(e).

The appendix submitted to this court contains no indication that plaintiff attempted to meet his burden as required.  The special report, ordered by the court pursuant to  Martinez v. Aaron  , 570 F.2d 317 (10th Cir. 1978), "is treated like an affidavit."  Hall v. Bellmon  , 935 F.2d 1106, 1111 (10th Cir.1991).    The report is intended "to aid in determining which facts alleged in the complaint [a]re relevant, accurate, and subject to bona fide dispute . . . ."    Martinez v. Chavez  , 574 F.2d 1043, 1046 (10th Cir. 1978).  The court cannot "accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence."  Hall, 935 F.2d at 1111.

Dunlap has not presented any evidence to contest the special report.  He merely states that the incident reports "possibly contain hearsay," appellant's br. at 3, and would not be admissible at trial.  Dunlap appears to concede that the only evidence before the district court was the special report, but contends that he

-3-

need not dispute it because the report is insufficient to justify the grant of summary judgment. Absent such evidence, the report stands.

Prisoners "retain a limited constitutional right to bodily privacy . . . ." Hayes v. Marriott, 70 F.3d 1144, 1146 (10th Cir. 1995). However, that right is constrained by the requirements of prison administration. See id. The materials submitted to this court show a rational relationship between the strip search and the legitimate governmental interest in not permitting contraband in the prison. Dunlap has not shown, on the record submitted here, that the prison officials' suspicions and the resulting search were not justified.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-4-