**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNY L. HARDEMAN,

              Plaintiff - Appellant,

       v.

CHARLES STEWART; CHARLES
LINCKS,

              Defendants - Appellees.

No. 06-5044

N. D. Oklahoma

(D.C. No. 01-CV-304-JHP)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

       Johnny L. Hardeman is serving a life sentence in the custody of the

Oklahoma Department of Corrections (DOC).  Between March 23, 2000, and

August 17, 2001, he was housed at the Dick Conner Correctional Center (DCCC).

On April 25, 2001, Mr. Hardeman filed a complaint under 42 U.S.C. § 1983 in the

United States District Court for the Northern District of Oklahoma, alleging that

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

during his stay at the DCCC he was denied his free exercise of religion in a variety of ways.[1]  The defendants, DCCC Chaplain Charles Lincks and DCCC Deputy Warden Charles Stewart, filed a motion to dismiss the complaint or grant summary judgment.  A *Martinez* report was prepared by the DCCC.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).  The district court granted dismissal in part and summary judgment in part on January 31, 2006.  Mr. Hardeman appeals that disposition.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Hardeman's claims arise from his asserted affiliation with the Hebrew Israelites, *see United States v. Beasley*, 72 F.3d 1518, 1521 (11th Cir. 1996) (describing the development and rise of the Hebrew Israelites in the 1980s).  In his complaint he alleged violations of his rights under the First and Fourteenth Amendments by the DCCC's denial of a separate time and place for worship for the Hebrew Israelites (they were combined with the Orthodox and Reform Jews); denial of access to religious items, including garments, teas, candles, and literature; failure to recognize that the faith of Hebrew Israelites constitutes a religion; denial of holy days and feasts; and (a claim not mentioned in his brief on appeal) denial of a financial account for the group.  He sought compensatory and punitive damages, and any other relief to which he was entitled.

---

[1]Mr. Hardeman also raised claims under Oklahoma law before the district court, but he does not mention those claims in his brief to us.

The district court dismissed his claim for compensatory damages as barred by the Prison Litigation Reform Act (PLRA) because he did not allege any physical injury. *See* 42 U.S.C. § 1997e(e); *Searles v. Van Bebber*, 251 F.3d 869, 877 (10th Cir. 2001) (PLRA limits inmate's ability to recover for nonphysical harms such as mental or emotional injuries). To the extent that Mr. Hardeman's complaint could be construed to request injunctive relief, the court dismissed the claim as moot because he has since been transferred from the DCCC and does not allege that he is likely to return there. *See Martinez v. Chavez*, 574 F.2d 1043, 1044 (10th Cir. 1978).

Mr. Hardeman's claims for nominal or punitive damages, however, could not be resolved on the motion to dismiss, so the district court proceeded to address the motion for summary judgment. The court construed Mr. Hardeman's complaint liberally to include a claim under the Equal Protection Clause, which it then rejected because "[a]lthough Plaintiff alleges that as a Hebrew Israelite, he was treated differently from inmates of 'recognized' religions, he does not allege or demonstrate that inmates of other religions were allowed to access or possess religious items or to engage in religious practices without following the relevant DOC or DCCC policy." R. Doc. 46 at 14-15 (Order, February 13, 2006). The court also granted summary judgment to the defendants on Mr. Hardeman's free-exercise claims, because the defendants were correct in asserting that he had "'provided no evidence that Defendants denied him the right to practice his faith,

or that their actions prohibited him from practicing his beliefs.'" R. Doc. 46 at 10 (quoting defendants' motion). The court said that Mr. Hardeman had failed to show that a worship time separate from the Jewish services was necessary to the practice of his faith; that he had failed to controvert the defendants' evidence that their actions in denying him access to items in the DCCC property room were based on Mr. Hardeman's failure to comply with DOC policy in requesting them— regulations imposed on members of all religions; and that he had failed to comply with applicable policies in requesting recognition of religious fast and feast days. The court concluded that all of defendants' actions towards Mr. Hardeman's requests "reflect an effort to accommodate Plaintiff's religious needs within the parameters established by DOC policy." *Id.* at 15. Consequently, Mr. Hardeman had failed to show any violation of his constitutional rights and the defendants were entitled to qualified immunity.

On appeal the defendants argue that Mr. Hardeman's entire complaint should have been dismissed without prejudice by the district court because it contained claims that had not been administratively exhausted, as required by the PLRA. *See* 42 U.S.C. § 1997e(a); *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004) (adopting the total-exhaustion doctrine for § 1983 suits under the PLRA). But they did not make this argument in their motion to dismiss before the district court. Failure to exhaust administrative remedies under the PLRA is not a jurisdictional defect. *See Steele v. Fed. Bureau of Prisons*, 355

F.3d 1204, 1208 (10th Cir. 2003). We will not address a challenge to exhaustion raised for the first time on appeal when the plaintiff's complaint is not defective on its face. *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, we will not consider arguments raised for the first time on appeal. This is true whether an appellant is attempting to raise a bald-faced new issue or a new theory on appeal that falls under the same general category as an argument presented at trial." (internal citation and quotation marks omitted)); *cf. Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004) (failure-to-exhaust defense can be waived by failure to raise it). Mr. Hardeman's complaint alleged the filing of several administrative grievances and their negative disposition, and he attached relevant paperwork. *See Fitzgerald v. Corrs. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005) ("To successfully allege exhaustion a prisoner must: (1) plead his claims with a short and plain statement showing that he is entitled to relief, in compliance with Fed.R.Civ.P. 8(a)(2); and (2) attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." (internal quotation marks, brackets, and ellipsis omitted)). Accordingly, we turn to the merits of the appeal.

Although Mr. Hardeman challenges on appeal the district court's rulings, he does not dispute the court's conclusions that he failed to follow the required

prison procedures or show that worship with the facility's Jewish population is inconsistent with Hebrew Israelite practice outside the prison context. Rather, he appears to raise two arguments not directly addressed by the district court. The first, that the combination of worship services for the Hebrew Israelites and the Jewish population resulted in fights and disturbances, was not raised in his complaint or his response to the defendants' motion, so we will not address it on appeal. The second is his claim that the DOC's failure to recognize the Hebrew Israelite faith is a First Amendment violation. We do not see how failure to recognize his faith has in itself any effect of restricting his religious practice; such effects would only be through the *consequences* of nonrecognition—such as denial of religious items—that Mr. Hardeman raised in separate claims. Therefore, although the district court did not address this claim separately, its disposition of his other free-exercise claims is responsive to this one also.

We AFFIRM the district court's judgment for substantially the reasons stated in its order. We GRANT Mr. Hardeman's motion to file an untimely reply brief and have considered the brief.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge
