**Freddie Lee GRAHAM, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES; United States District Court; Hearings and Appeals, Defendant.**

**Civ. A. No. 92–102–B.**

United States District Court,
D. Kansas.

Feb. 7, 1992.

Freddie Lee Graham, pro se.

MEMORANDUM AND ORDER

BELOT, District Judge.

This action is plaintiff's latest civil rights action to obtain Social Security disability benefits. Four previous *in forma pauperis* proceedings have been dismissed. Although the claims advanced in each complaint are similar, different defendants are named in each suit. The case is now before the court on plaintiff's application to proceed *in forma pauperis*. The plaintiff has named the Secretary of Health and Human Services, certain unknown employees of the Social Security Administration, Judge Richard Rogers, and all of the United States District Court for the District of Kansas as defendants. She alleges these

defendants unlawfully denied her benefits on the basis of her race.

■ 28 U.S.C. § 1915(a) allows a federal court to authorize the commencement of a lawsuit without prepayment of fees and costs where a person makes affidavit that he or she is unable to pay such costs. The privilege to proceed *in forma pauperis,* however, is not absolute. The court "may dismiss the case if allegations of poverty are untrue or if is satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of her claim. *Dolence v. Flynn,* 628 F.2d 1280, 1281 (10th Cir.1980).

■ Plaintiff brings this action pursuant to 42 U.S.C. § 2000e–5 (Title VII of the Civil Rights Act of 1964). She has challenged the actions of Judge Rogers and the United States District Court. Judges are immune from liability for claims based on the conduct of their office if they had jurisdiction over the subject matter and if the acts complained of were judicial acts. *Christensen v. Ward,* 916 F.2d 1462, 1473 (10th Cir.1990). The only actions these defendants have taken regarding plaintiff have been ruling on her cases. The court finds Judge Rogers and other judges of the United States District Court have properly exercised jurisdiction over plaintiff's previous filings and performed judicial acts in dismissing those cases. Plaintiff's claims against these defendants are frivolous within the meaning of § 1915(d). *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) ("Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit ...")

■ Plaintiff also challenges the actions of the Secretary of Health and Human Services and various persons who administer the Social Security program. The defendants listed in her complaint are not employers, employment agencies, or labor organizations under 42 U.S.C. § 2000e and are not subject to suit under Title VII. See *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) (court will not construct arguments or theories for pro se litigants). Plaintiff's claims against these defendants are frivolous and are dismissed.

■ The court finds that plaintiff is abusing the privilege of proceeding *in forma pauperis* and causing a needless drain on the court's resources. This case is her fifth filing alleging the same pattern of conduct. Litigants are not entitled to abuse the judicial process, and a federal court has the inherent power to protect its jurisdiction from activity that interferes with its ability to fulfill its Article III obligations. *Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir.1986). The court is authorized to impose carefully tailored restrictions to curb a litigant's abusive behavior. *Tripati v. Beaman,* 878 F.2d 351, 352–53 (10th Cir.1989). Before an order restricting access to the federal court is issued, the litigant must be afforded an opportunity to oppose it. *Id.* at 352.

The court proposes to enter the following order:

1. Plaintiff will be required to obtain leave of the undersigned judge to file any civil action in the United States District Court for the District of Kansas. Failure to seek leave constitutes grounds for the immediate dismissal of the action.

2. In seeking the court's leave, plaintiff must comply with the following conditions:

(a) She must file a "Motion Pursuant to Court Order Seeking Leave to File" and attach thereto a copy of her proposed complaint.

(b) She must attach a copy of this order filed today.

(c) She will be required to certify that the claim or claims she wishes to present have not been raised previously, and must certify her pleadings as provided by Fed. R.Civ.P. 11, a copy of which is attached to this order.

(d) She is further barred from filing any actions against any federal judge, or court officer or employee, for actions taken in the course of their official duties as a judge, court officer or employee.

3. The court retains the authority to modify this order as circumstances warrant.

The notice and opportunity requirement set forth in *Tripati* does not necessitate an in-person hearing before the district court. 878 F.2d at 354. Plaintiff is hereby given thirty days from the filing date of this order to file with this court her written reasons opposing the foregoing restrictions on all future filings in the United States District Court for the District of Kansas.

IT IS THEREFORE ORDERED that the complaint be dismissed pursuant to 28 U.S.C. § 1915(d);

IT IS FURTHER ORDERED that the plaintiff is given thirty days from the filing date of this order to submit her position in writing on the above proposed restrictions in all future filings in the United States District Court for the District of Kansas.