**Dorothy RILEY, SS#: 431–64–0486, Plaintiff,**

v.

**Donna E. SHALALA, Secretary, Department of Health and Human Services, Defendant.**

**No. J–C–92–213.**

United States District Court,
E.D. Arkansas,
Jonesboro Division.

June 24, 1993.

Anthony W. Bartels, Bartels Law Firm, Jonesboro, AR, for plaintiff.

Michael Warren Spades, Jr., U.S. Atty's Office, Little Rock, AR, for defendant.

## ORDER

ROY, District Judge.

The Court has reviewed the recommended disposition of this case submitted by the Magistrate Judge and the timely objections received thereto. The Court concludes that the recommended disposition should be, and it hereby is, approved and adopted as this Court's findings in all respects.

Therefore, Defendant's motion for summary judgment (docket entry # 9) is hereby granted; Plaintiff's motion for summary judgment (docket entry # 5) is denied; the final determination of the Secretary is affirmed and Plaintiff's complaint is hereby dismissed with prejudice. Judgment will be entered accordingly.

IT IS SO ORDERED.

## PROPOSED FINDINGS AND RECOMMENDATIONS

[Filed June 15, 1993]

CAVANEAU, United States Magistrate Judge.

Plaintiff in this case has appealed the final decision of the Secretary of Health and Human Services to deny her claim for Widow's Insurance benefits, based on disability. Both parties have moved for summary judgment. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Secretary's decision. 42 U.S.C. § 405(g) (1976 & Supp. V 1981).

This review function is extremely limited. The Court's function on review is to determine whether the Secretary's decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). *See also, Baugus v. Secretary of Health and Human Services,* 717 F.2d 443, 445 (8th Cir.1983); *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir.1983). The Court must accept the agency's factual determinations and the reasonable inferences drawn from them if the record provides substantial evidence to support the findings and inferences. *Russell v. Secretary of H.E.W.,* 540 F.2d 353, 355 (8th Cir.1976). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). *McMillian v. Schweiker, supra.*

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective summary judgment motions and are not in serious dispute. They therefore will not be repeated in this opinion except as necessary.

Plaintiff, who is seeking benefits due to hypertension, osteoarthritis and a rash on her right hand, was found not disabled within the meaning of the Social Security Act by the Secretary. The only issue before this Court is whether the Secretary's decision that plaintiff is not disabled within the meaning of the Act is supported by substantial record evidence.

The Administrative Law Judge (ALJ) concluded that plaintiff has not been under a disability within the meaning of the Social Security Act at any time through the date of the ALJ's decision. (Tr. 19)

The Appeals Council denied plaintiff's request for a review of the ALJ's decision July 31, 1992, making the ALJ's decision the final decision of the Secretary. (Tr. 3–4)

Plaintiff timely filed the instant complaint in this Court.

After consideration of the record as a whole, the Court finds the decision of the Secretary is supported by substantial evidence.

Plaintiff, who was 56 at the time of the hearing (Tr. 50), went only to the first grade (Tr. 33). She has past relevant work as a stock catcher and assembly line worker. (Tr. 63)

The ALJ considered plaintiff's impairments by way of the five-step sequential evaluation process.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b). If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id.* at § 404.-1520(c); *see* 20 C.F.R. § 404.1526. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.* at § 404.1520(d).

If so, benefits are awarded; if not, the evaluation continues.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id.* at § 404.1520(e). If so, benefits are denied; if not, the evaluation continues.

Step 5 involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id.* at § 404.1520(f). If so, benefits are denied; if not, benefits are awarded.

At Step 2, the ALJ found that plaintiff suffered from mild hypertension and mild osteoarthritis (Tr. 18), but that she did not have any impairment or combination of impairments that would more than minimally affect her ability to engage in work-related activities, therefore, she did not have any impairment(s) that was severe. (Tr. 16) Thus, she was not disabled.

Plaintiff contends that this decision is not supported by substantial evidence, and that the Guidelines would direct a finding of disabled.

Consultation to the Guidelines is unnecessary, since the ALJ made his decision at Step 2; the Guidelines do not come into play until Step 5.

The Supreme Court has recognized that this severity regulation increases efficiency by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found disabled even if their age, education and work experience were taken into account. *Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987).

■ The Court has carefully reviewed the Secretary's findings. The ALJ properly relied on, *inter alia*, the opinion of plaintiff's treating physician, her lack of any medical treatment for an extended period of time and her lack of medication in finding plaintiff's subjective complaints less than credible and in determining plaintiff did not have any severe impairment(s).

Plaintiff argues that Dr. Nguyen was not really a treating physician, and his opinion

was therefore not entitled to deferential treatment. The Court disagrees. Although it is true that Dr. Nguyen had not seen plaintiff for an extended period of time before his examination March 27, 1991, he had treated her. (Tr. 121)

This is in contrast to Dr. Lopez and Dr. Fowler, who saw plaintiff only once at the apparent behest of plaintiff's attorney.

The report of a consulting physician who examined the claimant once does not constitute substantial evidence upon the record as a whole, especially when contradicted by the claimant's treating physician. *Henderson v. Sullivan*, 930 F.2d 19, 21 (8th Cir.1991).

> We have consistently discounted the opinions of non-treating physicians who have seen the patient only once, at the request of the Social Security Administration. There is no reason to treat differently the opinion of a non-treating physician who has seen the patient only once, at the request of the patient or her lawyer.

*Henderson v. Sullivan*, 930 F.2d at 21.

Plaintiff contends that her lack of aggressively seeking relief from doctors and medicine results from a lack of funds. (Tr. 32)

A failure to follow a prescribed course of medication may be excused by a claimant's lack of funds. *Tome v. Schweiker*, 724 F.2d, 711, 714 (8th Cir.1984).

There is no evidence that plaintiff attempted to find any low cost or no cost medical treatment for her alleged pain and disability. *See Murphy v. Sullivan*, 953 F.2d 383, 386–87 (8th Cir.1992). That is inconsistent with the degree of pain and disability asserted.

Failure to seek medical treatment may be inconsistent with a finding of disability. *Johnson v. Bowen,* 866 F.2d 274, 275 (8th Cir.1989); *see also Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir.1993).

Plaintiff's lack of prescription pain medication is inconsistent with her complaints. *Wingert v. Bowen*, 894 F.2d 296, 299 (8th Cir.1990); *see also Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir.1993) (only muscle relaxers and mild pain relievers prescribed).

It should also be noted that the opinions of Drs. Lopez and Fowler were not before the ALJ. She was not evaluated by either of them until after the hearing and after the unfavorable decision of the ALJ. The fact that their opinions were sought, in essence, to refute the decision of the ALJ could lead a fact finder to approach them with some skepticism, although there is no indication in the record that that was the case here.

Plaintiff, of course, has the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir.1988). She thus bore the responsibility of presenting the strongest case possible to the ALJ. *See Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir.1991).

Plaintiff has advanced other arguments, which the Court has carefully considered, and found to be without merit.

After a careful review of the evidence, the Court finds that there is substantial evidence on the record as a whole upon which the Secretary could rely in reaching her decision.

THEREFORE, the Court hereby recommends that defendant's motion for summary judgment be granted, that plaintiff's motion for summary judgment be denied, that the final determination of the Secretary be affirmed and that plaintiff's complaint be dismissed with prejudice.