ORDER
 

 BELOT, District Judges.
 

 Ten days having passed, and no written objections being filed to the proposed findings and recommendations filed by the magistrate judge John Thomas Reid, and after a de novo determination upon the record pursuant to Fed.R.Civ.P. Rule 72(b), the court accepts the recommended decision and adopts it as its own.
 

 RECOMMENDATION AND REPORT
 

 REID, Magistrate Judge.
 

 On December 11, 1996, plaintiff filed a motion to remand this case to the Administrative Law Judge (ALJ) for consideration of new evidence (Doc. 6), and a memorandum in support of the motion to remand (Doc.7). On March 11,1996, defendant filed a response to plaintiffs motion to remand (Doe. 10).
 

 42 U.S.C. section 405(g) as it pertains to remands provides that “[the] court ... may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence that is material and that there is good cause for the failure to incorporate this evidence in a prior proceeding ...” For a remand to be appropriate when good cause is shown, it must be determined “that the new evidence would have changed the Secretary’s decision had it been before him.”
 
 Hargis v. Sullivan,
 
 945 F.2d 1482, 1493 (10th Cir.1991). Implicit in the materiality requirement is that “the proffered evidence relate to the time period for which the benefits were denied.”
 
 Hargis v. Sullivan,
 
 945 F.2d 1482, 1493 (10th Cir.1991).
 
 See also Szubak v. Secretary of Health and Human Services,
 
 745 F.2d 831, 833 (3rd Cir.1984) (new evidence may not relate to a “later-acquired disability” or “the subsequent deterioration of the previously non-disabling condition”). The requirements for introduction of additional evidence may be summarized as follows: (1) the proffered evidence must be “ ‘new5 ” and not merely cumulative of what is already in the record; (2) the proffered evidence must be material, that is, relating to the time period for which benefits were de
 
 *834
 
 nied, and offering a reasonable possibility of changing the Secretary’s decision; and (3) the claimant must show good cause for the failure to obtain and present the evidence at the prior hearing.
 
 Tirado v. Bowen,
 
 842 F.2d 595, 597 (2nd Cir.1988).
 

 Plaintiff seeks to justify remand in this case by the proffer of three new pieces of evidence, all of which were obtained after the final administrative determination on May 3, 1995. The opinion of Jim Molski, vocational expert, was obtained on May 4, 1995. The opinion of Dr. Reiff Brown, orthopedic surgeon, was obtained on August 9,1995. Plaintiff also offers the surgical report of October 6, 1995, from his laminectomy and discectomy performed by Dr. Robert Eyster.
 

 Good cause is self evident for why the report on plaintiff’s surgery of October 6, 1995 was unavailable at the time of the administrative hearing. There was no way to include the report in the administrative hearing since the surgery had not ■ yet taken place. However, with respect to the reports of Mr. Molski and Dr. Brown, plaintiff fails to articulate any good cause why they could not have been obtained prior to the administrative hearing. This court cannot speculate as to plaintiff’s justifications and refuses to construct arguments on plaintiff’s behalf.
 
 Drake v. City of Fort Collins,
 
 927 F.2d 1156, 1159 (10th Cir.1991);
 
 Graham v. Secretary of Health and Human Services,
 
 785 F.Supp. 145, 146 (D.Kan.1992). Plaintiff bore the burden of proving a disability that prevented him from engaging in prior work activity.
 
 Ray v. Bowen,
 
 865 F.2d 222, 224 (10th Cir. 1989). Any miscalculation on plaintiff’s part of what evidence was necessary to bear that burden is insufficient to supply good cause for why the reports were not obtained at the prior hearing.
 
 See Thomas v. Sullivan,
 
 928 F.2d 255, 260 (8th Cir.1985) (claimant opted not to include in his case medical reports that were in existence at time of hearing).
 

 We need not reach the question of whether the reports of Mr. Molski and Dr. Brown are material since plaintiff has failed to show good cause for why the reports were not obtained prior to the ALJ’s ruling.
 
 Hinchey v. Shalala,
 
 29 F.3d 428, 433 (8th Cir. 1994). However, even if some showing of good cause had been made by plaintiff for why the reports were not obtained earlier, plaintiff has failed to show that the reports present new evidence that is not merely cumulative of what is already in the record. Dr. Brown’s report is duplicative of the evidence in Exhibit 22, medical records from St. Francis Regional Medical Center (R. 119-128); Exhibit 23, medical records from Central Medical Consultants (R. 129-133); and Exhibit 28, the medical evaluation from Dr. Ernest R. Schlachter (R. 145-147). The report of Mr. Molski is duplicative of evidence in Exhibit 17, the vocational report (R. 84-89), and in Exhibit 30, the vocational analysis of Michael K. Lala, vocational expert (R. 154-155). Further, Mr. Molski’s opinion is equivocal as to whether plaintiff was disabled “from a practical standpoint,” or whether he could perhaps “find and maintain some part time sedentary occupation.” (Doc. 7, Exhibit “B” at 4-5). This court refuses to remand for consideration of new evidence when it is less than clear that the new evidence proffered would have changed the ALJ’s decision.
 
 Hargis v. Sullivan,
 
 945 F.2d 1482, 1493 (10th Cir.1991).
 

 In addition, the reports of Dr. Brown and Mr. Molski carry less weight persuasively since they were obtained subsequent to the ALJ’s adverse decision.
 
 Weetman v. Sullivan,
 
 877 F.2d 20, 23 (9th Cir.1989).
 
 See also Riley v. Shalala,
 
 849 F.Supp. 679, 682 (E.D.Ark.1993) (“the fact that [the doctors’] opinions were sought, in essence, to refute the decision of the ALJ could lead a factfinder to approach them with some skepticism”),
 
 ajfd,
 
 18 F.3d 619, 623 (8th Cir.1994). This court refuses to remand for consideration of new evidence where it is apparent that plaintiff, upon failing in his claim before the ALJ, sought out new evidence in an attempt to better support his position.
 
 Key v. Heckler,
 
 754 F.2d 1545, 1551 (9th Cir. 1985).
 

 While good cause has been shown for why the report on plaintiff’s surgery was unavailable at the time of the ALJ decision, this court finds the report to be immaterial. Even if the report had been before the ALJ when the decision was made, the report
 
 *835
 
 would not have reasonably changed the outcome in light of the fact that the possibility of a future surgery had already been factored into the ALJ decision. (R. 14). Dr. Ernest R. Schlachter noted in his letter of June 23, 1994, that “[plaintiff] is a good candidate for a decompression laminectomy and discectomy, and perhaps a spinal fusion.” (R. 147). In addition, plaintiff fails to argue that the surgery relates to the time period for which benefits were denied. Again, this court cannot speculate as to plaintiffs justifications and refuses to construct arguments on plaintiffs behalf.
 
 Drake v. City of Fort Collins,
 
 927 F.2d 1156, 1159 (10th Cir.1991);
 
 Graham v. Secretary of Health and Human Services,
 
 785 F.Supp. 145, 146 (D.Kan.1992). Evidence of the surgery and its effects may relate to a “later-acquired disability” or a “subsequent deterioration of [plaintiffs] previously non-disabling condition.” As such, plaintiffs proffered evidence may form the basis for a new claim, but is wholly immaterial to the prior administrative decision.
 
 Henderson v. Department of Health and Human Services,
 
 16 F.3d 416, 1994 WL 18076 at *1-2 (10th Cir.1994).
 
 See Godsey v. Bowen,
 
 832 F.2d 443, 445 (7th Cir.1987);
 
 Sizemore v. Secretary of Health and Human Services,
 
 865 F.2d 709, 712 (6th Cir.1988) (appropriate remedy is to “initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment”).
 

 IT IS THEREFORE RECOMMENDED that plaintiffs motion to remand for consideration of new evidence (Doc. 6) be denied.
 

 Copies of this recommendation shall be mailed to counsel of record for the parties. Pursuant to 28 U.S.C. section 636(b)(1)(B), the parties may serve and file written objections to the recommendation within 10 days after being served with a copy of this recommendation.
 

 Dated at Wichita, Kansas, on July 23,1996.