Salvatore J. LISI, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

C.A. No. 98–024–L.

United States District Court, D. Rhode Island.

Sept. 5, 2000.

David B. Green, Green, Greenberg & Nesselbush, Providence, RI, for Plaintiff.

Robin E. Feder, U.S. Attorney's Office, Providence, RI, for Defendant.

## DECISION AND ORDER

LAGUEUX, District Judge.

Salvatore J. Lisi ("plaintiff") brought this suit under 42 U.S.C. § 405(g)(1994), seeking review of the final decision of the Commissioner of Health and Human Services ("Commissioner") denying disability insurance benefits. After reviewing the Commissioner's decision, United States Magistrate Judge David L. Martin issued a Report and Recommendation, recommending that the case be remanded to the Commissioner because of the existence of what he concluded to be new and material evidence. Upon review, this Court declines to adopt Magistrate Judge Martin's recommendation and concludes that the decision of the Commissioner should be affirmed.

## I. Background and Procedural History

Plaintiff was born on May 10, 1942. In the relevant past, he has worked as a truck driver/helper for a furniture company, delivering furniture and appliances. His precise educational background is unclear from the record. Plaintiff was last eligible for disability insurance benefits on December 31, 1992.

On May 8, 1995, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g), alleging an inability to work since March 1, 1987 due to pain in his joints, particularly his fingers, knees, elbows and wrists. The application was initially denied on May 30, 1995 and denied again, after a request for reconsideration of the evidence, on July 13, 1995. Plaintiff appealed the denial to an Administrative Law Judge ("ALJ"). The ALJ held a hearing on July 30, 1996, at which plaintiff appeared with counsel and testified. No

medical advisor was present at the hearing.

At the hearing, plaintiff testified that he began experiencing pain in his fingers, knees, elbows, wrists and other joints at the beginning of 1987 and that by the end of 1988 he could no longer work. (R. at 35.) Plaintiff further testified that he sought treatment in 1987 with Dr. Howard Gandler, who diagnosed arthritis and gout.[1] (R. at 36.) Plaintiff also testified that Dr. Gandler referred him to Dr. Bernard Zimmerman, whom he continues to see, when Dr. Gandler moved to Texas, but plaintiff did not specify when this referral occurred. See id.

The first objective evidence in the record of plaintiff's treatment is a medical record from the Rheumatology Clinic at Roger Williams Hospital dated January 22, 1992. (R. at 132.) The medical record indicates that plaintiff was referred by Dr. Gandler after presenting two and a half years earlier with knee pain and swelling. See id. Additional medical records from Roger Williams cover the period from January, 1992 to March, 1995 and generally indicate treatment for, among other things, gout and arthritis. (R. at 132–144, 150–152, 160–163.)

The record also contains two letters from Dr. Zimmerman, one dated May 30, 1995 and one dated April 19, 1995, indicating that plaintiff is being treated by him for gout and arthritis. (R. at 164, 175.) The letter dated May 30 indicates that Dr. Zimmerman first saw plaintiff in 1992; however, the letter dated April 19 states that Dr. Zimmerman first saw plaintiff on August 11, 1994. See id.

According to the record, plaintiff has also been treated for a variety of other conditions, including depression, hypertension and anxiety, (R. at 41, 98, 121–131, 145, 149, 164, 175); however, these have no bearing on plaintiff's current claim.[2]

---

1. In the transcript of the hearing, Dr. Gandler's name is spelled phonetically.

2. The ALJ did briefly address "claimant's reported depression," but concluded that this claim could not support a finding of disability

On August 9, 1996, the ALJ determined that plaintiff was not entitled to disability benefits. Specifically, the ALJ noted that, because plaintiff's insured status had expired on December 31, 1992, he had to establish a disability prior to that date and continuing to the date of his application. *See Torres v. Secretary of Health and Human Servs.*, 845 F.2d 1136, 1138 (1st Cir.1988); *Deblois v. Secretary of Health and Human Servs.*, 686 F.2d 76, 79 (1st Cir.1982). The ALJ concluded that plaintiff did not have "any impairment or impairments which have more than a minimal restriction on his ability to perform basic work related activity[,]" (R. at 18), and therefore did not have a "severe" impairment prior to December 31, 1992. Therefore, the ALJ concluded at the second step of the five-step process for determining disability that plaintiff was not under a disability at any time through the date of the decision.[3] The ALJ based his conclusion generally on a lack of objective medical evidence, prior to December 31, 1992, supporting plaintiff's allegations and a determination that plaintiff's testimony regarding his limitations was not credible given a number of inconsistencies in the record.

Plaintiff requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied this request on November 18, 1997, rendering the ALJ's August 9, 1996 decision the final decision of the Commissioner.

On January 20, 1998, plaintiff filed a complaint in this Court seeking to reverse the ALJ's decision or, alternatively, to remand for reconsideration. Specifically, plaintiff asserts two independent reasons for reversal or remand: 1) that new evidence exists that requires the ALJ's consideration and 2) that the ALJ's decision is not supported by substantial evidence. The Commissioner filed an answer to plaintiff's complaint and a motion for an order affirming the decision of the ALJ. The matter was referred to Magistrate Judge Martin for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On November 23, 1999, Magistrate Judge Martin issued a Report and Recommendation, recommending that the case be remanded to the ALJ because of the existence of new and material evidence. Upon reaching this conclusion, Magistrate Judge Martin declined to reach plaintiff's alternate argument regarding substantial evidence.

On December 9, 1999, the Commissioner objected to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff filed a motion to adopt the Report and Recommendation. On January 13, 2000, this Court heard oral argument and took the matter under advisement. The case is now in order for decision.

## II. Legal Standards

The role of a district court in reviewing a decision of the Commissioner is limited because, although questions of law are re-

---

mainly because of inconsistencies in the record. (R. at 17.) Plaintiff has not pressed this issue in his request for review.

3. The sequential five-step process, contained in 20 C.F.R. § 404.1520, is well established: First, is the claimant currently employed? If he is, the claimant is automatically considered not disabled. Second, does the claimant have a severe impairment? A 'severe impairment' means an impairment 'which significantly limits his or her physical or mental capacity to perform basic work-related functions.' If the claimant does not have an impairment of at least this degree of severity, he is automatically con-

sidered not disabled. Third, does the claimant have an impairment equivalent to a specific list of impairments contained in the regulations' Appendix 1? If [so] ... the claimant is automatically found disabled ... Fourth, does the claimant's impairment prevent him from performing work of the sort he has done in the past? If not, he is not disabled....Fifth, does the claimant's impairment prevent him from performing other work of the sort found in the economy? If so, he is disabled; if not, he is not disabled.
*Goodermote v. Secretary of Health and Human Servs.*, 690 F.2d 5, 6–7 (1st Cir.1982).

viewed *de novo*, "[t]he findings of the Commissioner ... as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g)(1994). The term "substantial evidence" has been de-fined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)(quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

■■■ The determination of substantiality must be made upon an evaluation of the record as a whole. *See Ortiz v. Secretary of Health and Human Services*, 955 F.2d 765, 769 (1st Cir.1991)("We must uphold the Secretary's findings ... if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.")(quoting *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir.1981)). However, this Court must avoid reinterpreting the evidence or otherwise substituting its own judgment for that of the Commissioner. *See Colon v. Secretary of Health and Human Services*, 877 F.2d 148, 153 (1st Cir.1989). Indeed, the resolution of conflicts in the evidence is for the Commissioner, not the courts. *Rodriguez*, 647 F.2d at 222(citing *Richardson*, 402 U.S. at 399, 91 S.Ct. 1420).

■■■ The standard of review is different where remand is sought on the grounds of new evidence. A decision of the Commissioner denying benefits can be remanded for the taking of additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g)(1994). Thus, to establish an entitlement to a remand for the consideration of new evidence, a plaintiff must prove two elements. First, the plaintiff must demonstrate that the evidence is both "new" and "material." *Evangelista v. Secretary of Health and Human Servs.*, 826 F.2d 136, 139 (1st Cir. 1987). Second, he must show that there was a legally adequate reason for neglecting to present this evidence in the prior hearing. *See id.* The moving party bears the burden of proving that the aforementioned requirements have been met. *See id.*

■■■ "Under 42 U.S.C. § 405(g), remand is appropriate only where the court determines that further evidence is necessary to develop the facts of the case fully, that such evidence is not cumulative, and that consideration of it is essential to a fair hearing." *Id.* To qualify under the new and material evidence standard, the discovered data must be meaningful, that is, neither redundant nor irrelevant to the basis for the earlier decision. *See id.* at 139–140. Remand is appropriate only if, were the proposed new evidence considered, the Commissioner's decision " 'might reasonably have been different.' " *Id.* at 140 (quoting *Falu v. Secretary of Health and Human Servs.*, 703 F.2d 24, 27 (1st Cir.1983)).

A district court need not perform the initial evaluation of a plaintiff's challenge to a decision of the Commissioner. Instead, it may refer the matter to a United States Magistrate Judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B)(1994). Upon referral in this case, Magistrate Judge Martin issued a recommendation with respect to one of the two grounds plaintiff argues entitle him to a reversal or remand. The Commissioner objected to the Magistrate Judge's recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). When such an objection is filed, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C)(1994).

Therefore, this Court reviews *de novo* Magistrate Judge Martin's conclusion that plaintiff is entitled to a remand based on new and material evidence and otherwise

reviews the Commissioner's decision only to determine whether or not it is supported by substantial evidence.

III.  Discussion

A.  New and Material Evidence

Plaintiff argues that three pieces of evidence not contained in the record of the prior proceeding entitle him to a remand: 1) a record of a physical examination of plaintiff by Dr. Gandler dated April 30, 1990, 2) a three-page sworn statement by Dr. Zimmerman dated June 23, 1998 and 3) a copy of the First Notice of Hearing dated April 2, 1996.

The 1990 record of a physical examination by Dr. Gandler indicates that at that time plaintiff complained of attacks of joint pain and inflammation lasting several weeks and deteriorating to severe pain. (Pl.'s Mem. In Support of Mot. To Remand, App. 1–4.) The attacks came several times a year and had been occurring for about five years. *See id.* Plaintiff also complained at that time that his left knee was continuously "tight." *See id.* The record indicates that Dr. Gandler made a tentative diagnosis of arthritis and gout, pending the results of fluid tests. *See id.* at App. 1–6. With regard to the left knee, Dr. Gandler opined in the record that plaintiff's left knee may have involved a "structural problem" in addition to gouty arthritis. *See id.*

The 1998 sworn statement by Dr. Zimmerman is essentially a retrospective evaluation of plaintiff's condition prior to December 31, 1992. *See id.* at App. 1–1. According to the statement, after reviewing the medical record from the Roger Williams Rheumatology Clinic dated January 22, 1992 and the 1990 record of Dr. Gandler's physical examination, Dr. Zimmerman is of the opinion that "there would have been limitations in [plaintiff's] ability for prolonged sitting, standing and walking" prior to December 31, 1992. *Id.* at App. 1–3.

The 1996 hearing notice indicates that a medical advisor was expected to testify at plaintiff's hearing before the ALJ. *See id.* at App. 3–6.

Plaintiff argues that this evidence entitles him to a remand because it is "new" and it is "material" in that it might have altered the ALJ's decision to deny disability benefits at Step Two of the sequential analysis, and because there was good cause for plaintiff's failure to present the evidence at the prior hearing.

Magistrate Judge Martin agreed with respect to the first two pieces of evidence. Specifically, he concluded that the 1990 record was new because "[t]here are no other medical reports in the record which show that Plaintiff sought medical treatment as early as 1990 or which document the severity of the symptoms that Plaintiff had been experiencing since 1985." *Lisi v. Apfel,* Report and Recommendation, David L. Martin, United States Magistrate Judge, November 23, 1999, at 13. Further, Judge Martin concluded that the 1998 sworn statement was new because "[t]here are no other reports which cite, let alone interpret and place in context, Dr. Gandler's 1990 findings." *Id.*

As to the materiality of the evidence, Magistrate Judge Martin concluded that, although it was "an exceedingly close question[,]" plaintiff had satisfied his burden. *Id.* at 15. Specifically, Judge Martin noted that, while many inconsistencies remained in the record which might still lead the ALJ to find against plaintiff, the new evidence sufficiently bolstered plaintiff's credibility by corroborating his allegations such that a different result was possible. *See id.* Judge Martin found compelling Dr. Zimmerman's conclusion with regard to limitations on plaintiff's ability to sit, stand and walk, as this conclusion directly contradicts the ALJ's conclusion that plaintiff was not more than minimally restricted in those abilities, such that he did not have an impairment severe enough to warrant examination past Step Two of the sequential

disability determination process. *See id.* at 12.

Finally, Judge Martin accepted plaintiff's assertion that the 1990 record was "lost" as good cause for plaintiff's failure to present it at the prior hearing and as good cause for plaintiff's failure to present Dr. Zimmerman's statement, which relied in part on the 1990 record. *See id.* at 17.

With regard to the third piece of evidence, the Notice of Hearing, Judge Martin opined that the notice was not evidence at all, but more properly deemed as a "procedural irregularity," since no medical advisor was in fact present at the hearing. *Id.* at 18. Given his conclusion that a remand was appropriate based on the first two pieces of evidence, he did not address whether the apparent deviation from announced procedure constituted error. *See id.*

■ This Court disagrees with Judge Martin's analysis with respect to the 1990 record and the 1998 statement. Most importantly, plaintiff has utterly failed to show good cause as to why the 1990 medical record was not incorporated into the record of the prior proceeding. Plaintiff simply makes the bald allegation in his brief that the medical record was "lost." At oral argument, it was established that the medical record was found in Dr. Zimmerman's files in 1998, and presumably had been there since the time plaintiff had been referred to Dr. Zimmerman by Dr. Gandler. The record is unclear as to when this referral actually took place, but it was at the latest August 11, 1994. (R. at 164, 175.) There is no evidence whatsoever that anyone had searched Dr. Zimmerman's files prior to the 1996 hearing and failed to find the 1990 record. Plaintiff's counsel, who just recently took over the case, speculates that plaintiff's prior counsel for some reason did not come across the medical record in his preparation for the hearing. Such speculation, without any evidence, cannot establish that ·the failure of plaintiff's former counsel to produce the medical record at the 1996 hear-

ing was not an oversight or even a calculated decision that the medical record was unnecessary to prove plaintiff's case. Those reasons would certainly not constitute good cause for plaintiff's failure to produce the evidence at the prior hearing. *See, e.g., Heimerman v. Chater,* 939 F.Supp. 832, 834 (D.Kan.1996)(any miscalculation on plaintiff's part of what evidence was necessary to bear plaintiff's burden is insufficient to supply good cause for failure to produce evidence at a prior proceeding). Therefore, plaintiff has failed to satisfy his burden of proving that good cause exists for his failure to introduce the 1990 medical record at the prior hearing.

Since the only explanation for plaintiff's failure to elicit and present a statement from Dr. Zimmerman in the prior proceeding is the absence of the 1990 record, there is similarly no good cause showing regarding the 1998 statement.

This Court's conclusion that no good cause has been shown for plaintiff's failure to introduce this evidence at a prior proceeding is sufficient to deny plaintiff's motion for remand. However, the Court notes, as additional support for its denial of plaintiff's motion, that it has serious doubts that the evidence is new. The January 22, 1992 medical record from the Roger Williams Rheumatology Clinic, which has been in the record all along, establishes that plaintiff was seen by Dr. Gandler in 1990 and was diagnosed with· gout and arthritis. (R. at 132.) Thus, the 1990 record adds little to the information already contained in the record. Furthermore, although Dr. Zimmerman's conclusion regarding plaintiff's limitations before December 31, 1992 appears new in that no such conclusion was introduced at the prior hearing, his evaluation was based not only on a review of the 1990 record, but also on a review of the 1992 Roger Williams medical record. Dr. Zimmerman's statement offers no explanation regarding the degree to which the information contained in the 1990 record influenced his conclusion regarding plaintiff's

limitations. It is difficult to see how a piece of evidence manufactured after a denial of benefits, which is based in part on information contained in the prior record and which conveniently contradicts a critical conclusion of the Commissioner, can be considered "new" for purposes of a remand.

This Court does agree with Judge Martin that the hearing notice is not really evidence relevant to plaintiff's disability claim and is otherwise irrelevant to plaintiff's motion to remand. As discussed below, the ALJ was under no obligation to utilize a medical advisor at the hearing; therefore, a notice indicating that an advisor would be present cannot constitute error or evidence of error.

For the above reasons, plaintiff's motion to remand based on new evidence is denied.

### B. Substantial Evidence for ALJ's Decision

Plaintiff argues that, in the alternative, the evidence that was before the ALJ does not support his denial of benefits at Step Two of the sequential disability determination process. Magistrate Judge Martin did not reach this issue. Rather than refer this case back to Judge Martin for a recommendation on this issue, this Court will resolve it now.

■ Plaintiff is correct that Step Two is a *de minimis* standard. *See McDonald v. Secretary of Health and Human Servs.,* 795 F.2d 1118, 1124 (1st Cir.1986)("the Step 2 requirement is hereafter to be a *de minimis* policy, designed to do no more than screen out groundless claims"). "[A] finding of 'non-severe' is only to be made where 'medical evidence establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered[.]' " *Id.* (citing Social Security Ruling 85–28). However, this Court concludes that there is substantial evidence to support the ALJ's conclusion that plaintiff did not meet the Step Two "severe impairment" requirement prior to December 31, 1992.

■ The only medical evidence in the record of plaintiff's condition prior to December 31, 1992 consists of three medical records from the Roger Williams Rheumatology Clinic, one dated January 22, 1992, one dated May 29, 1992 and one dated September 21, 1992. (R. at 132–135.) Although these records indicate that plaintiff was being treated for gout and arthritis, they support a finding that those conditions were not having more than a minimal effect on plaintiff's ability to perform basic activities. Specifically, on January 22, 1992, plaintiff indicated that he had experienced only two gout attacks over the past two years. (R. at 133.) On May 29, 1992, plaintiff indicated that he had experienced no gout attacks over the past four months. (R. at 134.) Finally, on September 21, 1992, plaintiff denied having any "flare ups" and indicated that he was walking three miles a day, only occasionally becoming "sore" in the knees. *Id.*

The only other evidence before the ALJ concerning plaintiff's condition prior to December 31, 1992 was plaintiff's testimony. At the hearing, plaintiff testified that he has been unable to work since 1987 due to pain from his gout and arthritis. (R. at 35, 41, 47.) The ALJ concluded that this testimony was not credible. This conclusion is certainly supported by substantial evidence as the record is replete with indications that plaintiff was working up to and beyond December 31, 1992. For example, the January 22, 1992 Roger Williams Rheumatology Clinic record indicates that plaintiff was working in a furniture store. (R. at 132). On March 15, 1993, plaintiff reported to the Roger Williams Rheumatology Clinic that he was a furniture mover and was having difficulty descending from an upright position. (R. at 137.) On April 8, 1993, plaintiff indicated. to Dr. G. Beardsley that he "sells some furniture on

the side." (R. at 121.) On July 1, 1993, plaintiff indicated to Dr. Beardsley that he was thinking about getting out of the furniture business, (R. at 129), and on July 8, 1993, he indicated to Dr. Beardsley that he was thinking about getting a new job. (R. at 130.) Finally, on July 27, 1994, an office visit report written by Dr. Mark Schwager indicates that plaintiff was "still working full time." (R. at 149.)

█ In support of his motion to remand, Plaintiff relies on Social Security Ruling 83–20 to argue that the ALJ should have consulted a medical advisor before reaching his conclusion that plaintiff was not entitled to disability benefits. However, plaintiff misunderstands the application of Ruling 83–20. That ruling provides that once a disability has been identified, a medical advisor may be necessary to assist an ALJ in determining the onset date of that disability when the onset date is relevant to a claimant's entitlement to benefits. *See* Titles II and XVI: Onset of Disability, SSR 83–20, 1983–1991 Soc. Sec. Rep. Ser. 49, 51 (West)(1983). Other courts have interpreted Ruling 83–20 to require a medical advisor only when the evidence regarding the onset date is ambiguous. *See Bailey v. Chater,* 68 F.3d 75, 79 (4th Cir. 1995); *Spellman v. Shalala,* 1 F.3d 357, 363 (5th Cir.1993); *Morgan v. Sullivan,* 945 F.2d 1079, 1082 (9th Cir.1991).[4] In this case, the ALJ found that plaintiff was not under a disability; therefore, no analysis of an onset date was necessary.

This Court notes, however, that the ALJ's decision is confusing in that the discussion focuses only on evidence relevant to the period before December 31, 1992, (R. at 16–18), but the findings address both that period and the subsequent period up to the date of the decision:

> The claimant does not have any impairment of [sic] impairments which do not cause more than a minimal restriction on his ability to perform basic work related

activities; therefore, the claimant does not have a severe impairment prior to December 31, 1992, the date last insured.... The claimant was not under a 'disability' as defined in the Social Security Act, at any time through the date of this decision[.]

(R. at 19.) To the extent the ALJ concluded that plaintiff did not have a severe impairment as of the date of the decision, his conclusion is not supported by substantial evidence in the record. There are several documents in the record, not discussed by the ALJ but relied upon by plaintiff in his request for review, that indicate that plaintiff would have satisfied the Step Two *de minimis* requirement had his condition been examined as of the date of the decision. For example on May 24, 1995 and July 11, 1995 plaintiff's limitations were labeled, by two different examiners, to be "more than not severe[.]" (R. at 61, 79.) However, this discrepancy does not entitle plaintiff to a remand. Even if the ALJ did continue past Step Two and ultimately find plaintiff disabled as of the date of the decision (an outcome which is not at all certain), it is clear from the evidence discussed above that the onset date of any present disability was subsequent to December 31, 1992, such that no medical advisor would have been necessary to so conclude.

The only relevant inquiry in this case is whether plaintiff was disabled prior to December 31, 1992 and this Court is satisfied that the ALJ's conclusions in this regard are supported by substantial evidence. *See Key v. Callahan,* 109 F.3d 270, 274 (6th Cir.1997)(where substantial evidence existed that plaintiff was not disabled prior to his last insured date, ALJ's failure to use a medical advisor was not a basis for reversal or remand, even where the record arguably supported the conclusion that the plaintiff was presently disabled). Thus, plaintiff's motion to reverse or remand the

---

4. The First Circuit adopted this interpretation in an unpublished decision. *See May v. Social Sec. Admin. Comm'r,* No. 97–1367, 1997 WL 616196, at *1 (1st Cir. Oct. 7, 1997)(per curiam).

ALJ's decision on the basis of a lack of substantial evidence is denied.

## IV. Conclusion

For the preceding reasons, plaintiff's motion for reversal or remand is denied and the Commissioner's motion to affirm his decision is granted. Judgment shall enter for the Commissioner, forthwith.

It is so ordered.